Madam Clerk, will you please call the first case. Okay, I'd like for the attorneys to step up to the podium. I want you to state your name, tell the court who you represent, and approximately how long your argument will take. Good morning, Counsel. Good morning, Your Honors. My name is Alvin Becker. I appear here on behalf of the plaintiff, who is the appellant, and I would like respectfully to have about 10 or 12 minutes in my opening argument and reserving about three or four minutes at most for rebuttal. Very good. Good morning, Counsel. Hello, Your Honor. My name is William Mellicar. I represent the appellee, Diego Berto Gonzalez. Your Honors, my argument should be about 10 minutes as well. Okay, very good. Thank you, Judge. Okay, Mr. Becker, why don't you proceed with your argument as soon as Mr. Mellicar has a seat. If it please the Court, the motion judge applied what I would call the census test. It smelled like, looked like, and tasted like race judicata, and therefore it must be race judicata. Respectfully, the motion judge got it wrong. I would observe, however, that as noted in the Indiana appellate court case that we cited to the court, which is Thompson v. Smith Construction Company, the court observed that What page are you speaking from, Mr. Becker? I'm referring to page four of that opinion where the court said that the enforcement of partnership obligations is the least uniform and most confusing of all aspects of American partnership law. Respectfully, I think this is a case of first impression under Illinois law. It's not, of course, a case of first impression in the United States. We have cited to the court three reviewing court decisions, one from the Supreme Court of Ohio, one from the Fifth Circuit Court of Appeals, and one from an Indiana appellate court, which I believe provides the rule of decision in this case. Mr. Becker, I want to ask you a question about the first case. Why is it that no motion for judgment NOV was made in that case? You know, this is a lame excuse. I was not trial counsel. Had I been trial counsel, I would have made a motion for JNOV, but it wasn't done. I need to look you in the eye and tell you it wasn't done, and the reason it wasn't done, in my opinion, was the counsel for the plaintiff who tried the case was of the opinion that it was not necessary because of the secondary basis for applying partnership rules in order to get to the partners individually. And that's also the reason he didn't file a post-trial motion. That is correct. Understand, sir, I wasn't there. I mean, it's a lame excuse to say, well, I wasn't trial counsel, and therefore I don't know the answer to the question. It wasn't done. It just wasn't done. The motion judges' written ruling in this case, interestingly, although we cited those three cases in the circuit court, that is, the Fifth Circuit Court of Appeals, the Ohio Supreme Court case, and the Indiana Appellate Court, no mention was made. And since I think those cases supply the rule of decision, I find that to be very unusual that it wasn't made. Tell me why this case isn't barred by the rule of res judicata. You don't disagree that there's a final judgment in this case? Of course I don't. There's an identity of parties. What about the identity of the causes of action? Okay. As I believe both explicit and implicit in the three out-of-state cases that we have cited is that, one, Illinois procedural law and the Illinois Uniform Partnership Act provides two methods for which to impose personal liability upon partners. One is the simple way that you could have sued them directly for their own wrong. Just as in the three cases that were cited, recall that in the case at bar, in the three cases that were cited, I would call them all contract cases, respectfully, not tort cases. The reason that they were permitted to make the second challenge and impose personal liability was there was no claim that the partners individually contracted with the plaintiff. In the case at bar, there is no count in the complaint that says that the partners committed a personal tort. All of the counts in the complaint, with respect to the issues that are presented to the court, are based upon vicarious respondee at superior liability. So we don't attach any significance to the fact that the partner in the first case was found not liable? We just ignore that fact? Of course you don't ignore it. How could I look you in the eye and say that you ignore it? But the fact of the matter is under 410 and 411 of the Code of Civil Procedure and the Uniform Partnership Act, we are permitted to make what somebody might call a second bite at the apple here, and we are permitted because we are authorized to, after the partnership assets have been exhausted, we are permitted to make. All right. 410 specifically provides that a judgment against fewer than all the parties to a joint or partnership obligation does not bar an action against those not included in the judgment or not sued. Was the partner in the prior action included in the judgment? Included with respect to his personal liability, indeed, the special verdict specifically found that the partners were not personally liable. But it does not abide to proceeding under the secondary method, that is to charge the partners individually after the partnership assets have been exhausted. And respectfully, that's exactly what happened in the Ohio case, that is exactly what happened in the Indiana case, and that is exactly what happened in the Fifth Circuit Court of Appeals case. Mr. Becker? Yes, ma'am. You mentioned that this is akin to a second bite at the apple. I would ask for some clarification on that because the, not to sort of use the metaphor, but what you've argued in your brief is that it's essentially two different apples because the first bite is vis-a-vis Mr. DeGoberto's relationship to Mr. Chavez. Yes. In the underlying personal injury suit. The second bite really deals with DeGoberto's relationship to G&G Cement. Indeed. Is that correct? Exactly. Okay. So if I used an inappropriate metaphor. I just wanted to clarify that that's what you're saying. Look, you know, I began my argument with applying the census test. It does look like, it does smell like, it does taste like this is really a second bite at the apple. But because of the 410 and 411 and because of the Illinois Uniform Partnership Act, we are permitted to make that assertion just as you have described it to me. That is exactly the rule of decision in those cases. And the counterargument was made by the partners just as the same counterargument is made by my able opponent in this case. It's race judicata and you can't do that. That is just not the law, and it's not the law because of the Partnership Act and because of 410 and 411. So how would you, if we cut to the chase, I don't mean to interrupt. Cut to the chase and tell us. You're supposed to do that. How is it distinguishable? Why does race judicata not apply? Okay. Because in what I'm going to call the underlying case, Your Honor, because in the underlying case there was no claim made against the individual partners for their personal or individual liability. It was only made and the jury specifically found that this was a partnership obligation. And just as in the three cases that I have cited here, there was no claim made that, in fact, the partners were individually liable because they themselves committed a personal tort. And just as the Ohio Supreme Court and the Indiana court said, they weren't sued for entering into a contract with the plaintiff personally. It was the partnership that entered into the contract with the plaintiff. And they were properly found not liable in their individual capacity in that claim. My opponent has brought to the court's attention several other Illinois cases. Frankly and respectfully, I don't find that they're really even close to the issues that the court has presented here. One, of course, is the doctor's case, St. Teresa Hospital. And in that particular case, in a tort case, the plaintiff obtained a judgment against a partner who committed a personal tort and against the partnership. It was a medical malpractice case. And they commenced supplemental proceedings under 2-1402 of the code and issued citations against the partners individually. The plaintiff won that in the circuit court, but the appellate court reversed. And one of the basis for the appellate court to reverse was, you did not obtain a judgment against the partners individually. And therefore, you could not issue process and you could not enforce a judgment unless and until that has occurred. And since it never occurred, there was no basis for the circuit court to have entered what I'm going to respectfully call a turnover order. A second case cited by my able opponent is a fourth appellate district case, which seems to be an asbestos case. And the court made some observations with regard to a motion to strike part of a reply brief because it was raised for the first time. The court agreed it was raised for the first time, but they were going to exercise their inherent authority and address the issues in any event. I just don't find that there's any parallel in that case that is cited to the case at bar. It just doesn't, it's not informative, it doesn't deal with the issues here. The plaintiffs, the defendants in an earlier suit have been voluntarily dismissed, and this was a case of refiling against them, and it just isn't appropriate to this case, and it provides no teaching which could in any event be informative to the court. It doesn't even deal with the issues here. The Baroni case, which is the case that we've cited both in the circuit court and we've cited in our case here, is not directly on point, but it's reasonably close. In the Baroni case, there was a judgment that was entered against a person, and after some bankruptcy maneuvering, a second case was filed against Baroni, claiming that he was a partner, and therefore he was liable. The circuit court so found, and the appellate court affirmed, and they recited sections 410 and 411 of the Code of Civil Procedure, saying this was an appropriate way to proceed. The case is the closest one from an Illinois reviewing court that we could find to deal with these issues. Once again, it does not, respectfully, it is not a true second bite at the apple, because the individual liability of the partners for their partnership obligations to satisfy a partnership debt was not an issue. There's no count in the complaint in the underlying case that was directed to that. The jury, by its special verdict or special interlocutories, found that the tortfeasor committed a tort, he was employed in the course and scope of his employment when he committed the tort, and that the partnership was liable. The individuals not having been sued personally were found not guilty. That is the perfect paradigm for those three cases that we have cited to the court, and respectfully, if they're not identical twins, they are definitely fraternal twins, and I believe they control the outcome of the decision of this court. Before I sit down, respectfully, one, it's not often that we get to appear before the appellate court on a case that comes before the court on a motion. Thank you very much for scheduling our argument. We do like to see the judges in person, and hopefully they like to see us. And lastly, if you don't have any other questions, I'll be pleased to sit down. Thank you, Mr. Becker. Once again, I would like to reserve two or three minutes. Thank you, Your Honor. I'd like to start with a hypothetical question. And the question is, if the appellant had received a judgment against the individual partner in the first suit, would he have to still sue him again to collect on the partnership? No, of course not. That's ridiculous. If he received a judgment against Mr. Gonzalez in the first suit, the verdict would have been that Mr. Gonzalez employed the driver of the vehicle and owned the vehicle, and therefore he was liable by virtue of responding at Superior Court. If you read the complaint as I read it, he's got multiple counts. One, the driver was employed by Individual A. Two, he was employed by Individual B. Three, he was employed by the two individuals acting as a partnership. And then the jury came back and said, no, he wasn't employed by A, no, he wasn't employed by B, and yes, he was employed by the partnership, and therefore the partnership is liable for the transaction. That's what was decided in the first case. So it seems to me what the plaintiff was doing in the first case was, I don't know who's responsible for this driver under the theory of responding at Superior, but I certainly don't want to be caught short by having gone to trial and having the defendants come in and say, no, no, he wasn't employed by me, he was employed by these individuals. So what would you say to that? Well, Judge, Section 2411 of the Code of Civil Procedure allows a partnership, as you noted or implied, to be sued in the name of the firm name or in the name of the individual partners, or both, it says. In this case, there were two counts, I think, that you were addressing. Count 1 attempted to sue Diego Barra Gonzalez as an individual, as though there was no partnership, as if he owned, employed Chavez and owned the truck on his own. That's what the count says. Count 3 identifies or establishes liability for Gonzalez as the owner of the partner, doing business as the partnership. But if you look at the prayer of the count, it asks for a judgment against the individual. It doesn't ask for a relief against the firm name. Now, you're correct, Your Honor, in the verdict form, it does identify the firm name and it does identify the individual. But what I thought was curious is it doesn't identify the individual independent of the partnership or as doing business as a partnership. It's melded together. And the second special interrogatory that was posited simply says, if you believe that Diego Barra, if you believe that the plaintiff was injured in the truck owned by Diego Barra Gonzalez, it doesn't even mention the partnership, then it goes on with the inquiry. I guess what I'm... But was the secondary liability of the partners at issue in that underlying lawsuit? I believe... Secondary liability, meaning their liability for partnership obligations. Or were they at issue on the question of, am I individually liable for the acts of this driver? As I read it, count one, the individual is being, seeking liability for the individual as an individual. Count three is seeking a judgment against the individual in relation to the partnership. No. Well, as I read it, it's suing the two gentlemen doing business as a partnership. And the special verdict form, I think, and the verdict form found the partnership employed the driver and the partnership was responsible for the driver's negligence. So it wasn't a question of, is either one of these two partners responsible for the obligation or secondary liability to the obligation of the partnership, which is the question in this lawsuit is, is the partner responsible to pay the partnership obligation, which is separate from, is the partner responsible for the driver's acts personally, not as a partner? Judge, I would respectfully say that if that were the case, then why would there be a need to have a count three anyway? He could have sued the partnership in the firm name alone, and he could have sued the individual in the individual name alone. And that would have been sufficient. Well, if he would have sued in the individual's name alone, he would have lost. Because the jury came back and said the driver was not employed by the individual and the individual did not own the truck that was part of the injury. So he would have been, he would have lost. He would have not had a recovery because there was no vicarious liability. Well, Judge, I would just note again that Section 2411 does allow the partnership to be sued in the name of the firm name or the individual partner's name. And that's what I think it did. I don't think anybody disputes that. Right. The question is the identity of causes of action. One would read it, Mr. Becker would read it, that the cause of action was liability for the tort in the first underlying lawsuit. This lawsuit is can the judgment creditor go against an individual partner for the obligation, financial obligation of the partnership of which he was a member. That's secondary liability. I understand that, Judge. But I believe that because he was named in the first suit in relation to the partnership that that should have, it should not, res judicata would apply to that situation. But he was named in the first suit in two ways. One was not in relationship to the partnership, correct? Yes, sir. And he was found not liable without connection to the partnership. The second way he was named was as a partner doing business as a partnership. In that count, liability was found against the partnership of which he was a partner. And yet the verdict form did not differentiate between those two forms of liability for the partner. Well, counsel, let me ask you this question. Isn't it true or is it correct that there was no count for the unsatisfied judgment in the first case? We know there could not have been, correct? Right. Yes. But you can't recover against a partner until there's an unsatisfied judgment. Correct. Or one of the other conditions in 307D. But yes, sir. Yes, sir. That's correct. Yes, sir. So, but you still maintain that though they're suing based on the unsatisfied judgment, you're still maintaining it's the same cause of action, same set of operative facts. Well, 307D doesn't talk about the action so much. It talks about what is necessary to satisfy the judgment against the partnership against the individual partner. And it requires two things. First, there has to be a judgment against the partner. And secondly, there has to be one of those conditions, one of them being the unsatisfied judgment. Right. It does not indicate when the action has to be commenced. And, in fact, But we know in fact you can't commence it until you have an unsatisfied judgment. Correct? There's got to be a judgment against the partnership, judgment against the partner, and then you need an unsatisfied judgment. Correct? For the unsatisfied. It's a judgment against the partner for his liability for the obligations of the partnership. Correct. Correct, sir. Yes. So you still maintain it's the same set of operative facts. There's an identity of the two causes of action. I think the appellee was sued in both causes of actions for the same thing, namely his obligations as an owner of the partnership. Section 411B states that an action against a partnership in the firm name does not bar an action to enforce the individual liability of any partner. But it doesn't require, it doesn't specify the timing for it. And, in fact, we know that in 411A it says the partnership, again, can be sued in the name of the partnership, the firm name. I mean the partners doing business, the firm name, or both. So that seems to imply that it is possible to sue the partner, the individual, establish the individual partner's liability for the partnership prior to having to meet the requirements of 307D. Proceed. On that note, Judge, I just, I'd like to refer you to the case of Johnson v. St. Therese Medical Center for that point. The court there was trying to define what the word action meant, because as counsel indicated, the plaintiff attempted to collect on the judgment in a supplementary proceeding, and the court said, the appellate court said that supplementary proceeding is not an action. In that discussion, however, the second district noted that the key fact to be considered of why the partner needs to be actually sued in an action is that he has to be on notice that he's going to be liable for the partnership obligations. And that kind of dovetails with the case of River Park that was cited in my brief, which actually discusses arrest judicata, and it was talking about the transaction test and said one of the factors in the transaction test is the expectations of the parties as to their liability, that they're not going to be sued a second time. I think that in this case, where you have the appellee being sued, doing business as the partnership, where the allegations of the complaint is that he employed Chavez and he owned the truck doing business as the partnership, it was his expectation, reasonable expectation, that he was being held liable for the obligations of the partnership. And so that's another reason why, both in the context of the Partnership Act as well as under the principles of arrest judicata, that he should not be sued in a second lawsuit. He was included in the first lawsuit. He expended his efforts and his attorney's fees and everything else to defend himself in that suit. He was found not liable. And now he's being turned around, sued again after a supplementary proceeding went bad. So respectfully, we believe that arrest judicata does apply to this case. And the Uniform Partnership Act and 411, 410 do not, the codes of procedure do not operate as exceptions to arrest judicata. Let me just be clear. There's no question that there was a judgment against the partnership finding it liable for these injuries, correct? Yes, sir. And that's count three? Yes, sir. Of the underlying complaint. Well, count three asked for judgment against the individuals doing business. No. Yeah, DBA is part of it. Right. And then the verdict form asked for, used the firm name itself and the individuals. Okay. So is your argument that it's an inconsistent verdict in the first underlying lawsuit because count one said against one of the Gonzales brothers, not liable, count two against the other Gonzales brother, not liable, count three against both brothers doing business as a partnership, liable? I'm not arguing that it's inconsistent, Judge. What I'm arguing is that the liability of the partner in relation to the partnership was alleged in the complaint and was part of the first lawsuit. And it wasn't differentiated on the verdict form. It didn't say, do you find Dagoberto Gonzales not liable or liable as independent of the partnership or in relation to the partnership? It doesn't differentiate between those two. Well, but, Counselor, in the special interrogatory, there is specifically a breakout for the question, is Achave as an employee of Dagoberto? Is he an employee of the estate? Is he an employee of the partnership specifically? What would be the purpose of having that? It does not differentiate, though, between Dagoberto Gonzales as doing business as a partnership and Dagoberto Gonzales as an individual. And what I thought was curious is the second interrogatory, special interrogatory, which states, if you found Luis Chavez was an employee of either Dagoberto or GNC, was Luis Chavez operating Dagoberto Gonzales' truck? Yet in the complaint, it alleged that the truck in count three was alternatively owned by the partnership. So there's a mixing of the partnership and the individual liability, even in the special interrogatory that's presented to the jury. That's all I have, Judge, if you have any other questions. Any more questions? Okay. Okay, Mr. Melnickoff. Thank you. Thank you, Brenda. Thank you. Mr. Becker, some brief rebuttal. I like the word brief. I'm sure you do, too. Respectfully. Well, I want you to be brief enough to cover anything that he covered. Yes, sir. I think the question put to my able opponent concerning the verdict, the special interrogatories, couldn't be clearer. And that is that the jury found unequivocally that the individual partners were not personally liable, but the partnership was. Beginning the story respectfully, end the story. One of the questions or issues my able opponent has brought to the court was the splitting up this cause of action, and it should have been done in the first case. That issue, respectfully, on race judicata, was specifically addressed by the Indiana Appellate Court. And in page six of the slip opinion, it is impossible for a creditor to prove the partnership assets have been exhausted until a judgment has been procured against the court based its finding of non-liability upon separate contract. It did not state both methods of proving individual liability have been foreclosed. That, respectfully, is how the Indiana court answered that question. That is exactly how the Fifth Circuit Court of Appeals answered that question. And that is it could not have been done because there was no judgment and My last point. 411 of the Code of Civil Procedure. It's just one sentence. And excuse me for quoting it verbatim. An unsatisfied judgment against a partnership in its firm name does not bar an action to enforce the individual liability of any partner. That's what we have before the court, and that is also implicit in the St. Teresa Hospital case. And I believe that supplies the rule of decision. I have nothing further to say. Thank you very much. Thank you, Mr. Becker. I would like to compliment. You can be seated. Oh, I'm sorry. Compliments I always sit down for. I'd like to compliment Mr. Becker and Mr. Mellor-Carr on their arguments on the briefs. This matter will be taken under advisement, and this court stands in recess. Thank you.